IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MERON DETRON HARMON,                  :

    Plaintiff,                              :

vs.                                          :       CIVIL ACTION 10-00255-WS-N

LAMONICA LEE,                           :

    Defendant.                           :

REPORT AND RECOMMENDATION

    Plaintiff, an Alabama prison inmate proceeding pro se, filed the instant case alleging violations under 42 U.S.C. § 1983 (Docs. 1, 3). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. Because Plaintiff has failed to prosecute and to comply with the Court's Order dated July 9, 2010, it is recommended that this action be dismissed without prejudice.

    Plaintiff's motion to proceed without prepayment of fees (Doc. 1) was not filed on the Court's required forms. Accordingly, on May 21, 2010, this Court issued an Order directing Plaintiff to file his a motion to proceed without prepayment of fees on the Court's current form by June 21, 2010[1] (Doc. 4). On May 27, 2010, Plaintiff file a statement if his inmate account (Doc. 5). On June 2, 2010, the court issued an Order directing Plaintiff to file a motion to proceed without prepayment of fees along with the prison inmate account printout. Plaintiff failed to file his motion. On July 9, 2010, the court issued another Order giving Plaintiff one more opportunity to file a motion to proceed without prepayment of fees by August 9, 2010

---

[1]Plaintiff was also advised that in lieu of the motion to proceed without payment of fees, he could pay the $350.00 filing fee by June 21, 2010 (Doc.4).

(Doc. 7). Plaintiff was advised that if he failed to comply with this order, a recommendation of dismissal of this action without prejudice for failure to prosecute and to obey the Court's order would be entered. The Court also directed the Clerk to forward to Plaintiff a copy of the requisite form along with a copy of the Order. A review of the docket sheet reflects that an amended motion to proceed without prepaymnet of fees has not been filed nor has the order been returned as undeliverable.

Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this 13th day of August, 2010.

                                      s/KATHERINE P. NELSON
                                      UNITED STATES MAGISTRATE JUDGE

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                        S/ KATHERINE P. NELSON
                                        UNITED STATES MAGISTRATE JUDGE